## GUARDIANSHIP OF THE PERSON OF WILLIE McGARRITY, MINOR.

### [No. 3,386; decided June 4, 1884.]

Guardianship—Wishes of Deceased Mother.—In the appointment of a guardian for a minor, the court must regard the dying declaration of the mother as to her wishes in the premises, when not inconsistent with the welfare of the child.

Guardianship—Religious Instruction of Ward.—Where a child is baptized in a particular faith to which its mother belonged, the guardian of the child should secure to her instruction in the faith of the mother, until the child arrives at an age when she is presumptively competent to determine her own doctrine of religion.

On May 27, 1884, Mary L. Graves filed a petition to be appointed guardian of the person of Willie McGarrity.

The petitioner averred that the minor is a resident of San Francisco; that both her parents are dead; that petitioner is the sister of the deceased mother of the minor; that Sarah C. Bachelder is also a sister of the deceased mother, and Thos. F. Conklin a brother. The petition also contained the further necessary averments.

A citation was issued to the aunt not petitioning and the uncle, returnable on June 3, 1884, at which time the application was heard; the facts proved on the hearing appear from the opinion of the court.

John M. Burnett, for petitioner.

COFFEY, J. In this matter it appears from the evidence of Mrs. Graves, the applicant, and of her brother, Thomas F. Conklin, and Mrs. Cathcart, a friend of the family, that the mother of the minor upon her deathbed desired her sister, the petitioner here, to take care of "Willie," the minor. She desired her brother (Mr. Conklin) and her sister (Mrs. Graves) to take care of the child. There is no formal opposition to the application, but the minor appears in court accompanied by her aunt, Mrs. Bachelder, sister of decedent and of applicant; and Mrs. Bachelder testifies that the child was committed to her care and custody by the mother during the latter's illness and pending an operation upon her, and the child has remained there ever since, and desires to remain there.

All the parties are respectable and harmonious in their mutual relations, and there is no individual incapacity in either case. This being the fact, the court must regard the proved dying declaration of the mother, when it is not inconsistent with the welfare of the child. While the child manifests a tender devotion to Mrs. Bachelder, she evinces no aversion toward Mrs. Graves, her mother's particular and final choice, and the latter is amply competent, pecuniarily and otherwise, to maintain the child. The child's true name is Lucy; she was baptized in the Catholic Church, to which her mother belonged (according to the child's statement to

the court), and the guardian must be required to secure the minor instructions in the faith of the mother until the child arrives at an age when she shall be presumptively competent to determine her own doctrine of religion. The minor is a very intelligent girl between ten and eleven years of age, with strong sentiments of affection toward her aunt, Mrs. Bachelder, who must be allowed to see her as frequently as practicable; and also Mr. Conklin will have the same privilege guaranteed in the order of the court. The custody of the child is awarded to Mrs. Graves, under the intimated restrictions, and with bond fixed at $500.